## MADDOX v BURLINGAME

Docket No. 144770. Submitted January 13, 1994, at Lansing. Decided June 6, 1994, at 9:20 A.M. Leave to appeal sought.

John C. and Loretta R. Maddox brought an action in the Oakland Circuit Court against attorney Daniel W. Burlingame and his professional corporation, alleging legal malpractice related to the defendants' representation of the plaintiffs in the plaintiffs' sale of a business. The action was filed more than two years after the defendants had represented the plaintiffs at the closing of the sale, but within two years of when the plaintiffs had contacted the defendants to accuse them of malpractice. For that contact, the defendants had billed the plaintiffs for services in the form of communicating with another attorney consulted by the plaintiffs and conducting legal research. The court, Fred M. Mester, J., granted summary disposition for the defendants, ruling that the defendants last served the plaintiffs at the sale closing and that the action was barred by the two-year statute of limitations.

The Court of Appeals held:

The trial court erred in ruling as a matter of law that the defendants were no longer representing the plaintiffs when the plaintiffs contacted the defendants about the alleged malpractice. An attorney's act of sending a bill to a client constitutes an acknowledgment by the attorney that the attorney performed legal services for the client. The plaintiffs' consultation with another attorney did not terminate their attorney-client relationship with the defendants because the other attorney was not consulted in place of, but in addition to, the defendants.

Reversed and remanded.

LIMITATION OF ACTIONS — LEGAL MALPRACTICE.

An attorney, by billing a client who complains of malpractice by the attorney, acknowledges the performance of legal services

REFERENCES

Am Jur 2d, Attorneys at Law §§ 197, 219, 221.

When statute of limitations begins to run upon action against attorney for malpractice. 32 ALR4th 260.

for the client; accordingly, an action for malpractice brought by the client against the attorney within two years of when the client complained of malpractice is not barred by the statute of limitations even if the services or representation that form the basis of the malpractice claim were rendered more than two years before the action for malpractice (MCL 600.5805[4]; MSA 27A.5805[4]).

*Dennis E. Moffett,* for the plaintiffs.

*Maddin, Hauser, Wartell, Roth, Heller & Pesses* (by *Nathaniel H. Simpson* and *Harvey R. Heller),* for the defendants.

Before: WEAVER, P.J., and SHEPHERD and D. A. JOHNSTON, III,* JJ.

SHEPHERD, J. In this appeal as of right, we consider whether plaintiffs' legal malpractice claim against defendant[1] is barred by the two-year statute of limitations. MCL 600.5805(4); MSA 27A.5805(4). After initially denying defendant's motion, the trial court subsequently granted defendant's motion for summary disposition pursuant to MCR 2.116(C)(7). We reverse.

Defendant was consulted by plaintiffs in September of 1986 relative to the sale of a certain franchised business that they owned. A large portion of the purchase price was financed by plaintiffs, with plaintiffs retaining a security interest in certain business assets. The closing took place on October 13, 1986.

In April of 1987, plaintiffs informed defendant that the purchasers were not making the required payments. Defendant revised the sale agreement to accommodate the purchasers' financial problems.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Although they are separate legal entities, we will refer to defendants in the singular for ease of reference in this opinion.

In March of 1988, after further financial difficulties by the purchasers, defendant, on behalf of plaintiffs, prepared a letter to the purchasers demanding immediate payment of monies owed and giving the required written notice of default under the purchase agreement. Defendant instructed plaintiffs to have the letter reviewed by Florida counsel to take advantage of potential Florida remedies.

In April of 1988, the purchasers filed for Chapter 13 bankruptcy. In June of 1988, plaintiffs were informed by their Florida attorney that they had a problem with their security interest. On August 15, 1988, plaintiffs apparently contacted defendant and alleged that defendant had committed legal malpractice. Defendant acknowledges that on that date he called plaintiffs' Florida attorney by phone, and conducted research into Florida's Uniform Commercial Code filing requirements. Further, plaintiffs alleged in their complaint, filed on August 14, 1990, as follows:

> That subsequent to said sale, the purchasers defaulted on their monetary obligations to the plaintiffs, and the defendant continued to advise the plaintiffs with regard to their rights in regard to the sale and to perform services on behalf of the plaintiffs in regard to said sale up until August 15, 1988 as appears from the invoice to the plaintiffs dated November 22, 1988 as follows:
> "8/15/88 Study Uniform Commercial Code— phone Florida attorney—phone Jack Maddox— memo to file: (1 hour)"

Defendant has neither admitted nor denied the foregoing allegation. Plaintiffs further alleged that defendant was in continuous contact with them from October of 1986 until August 15, 1988.

In response to plaintiffs' claim for legal malprac-

tice, defendant moved for summary disposition under MCR 2.116(C)(7) on the basis that the statute of limitations barred plaintiffs' claim. The trial court initially denied defendant's motion. On reconsideration, the trial court reversed its earlier ruling and granted defendant's motion. The trial court found that there was no dispute that defendant had spoken with plaintiffs and their Florida attorney on August 15, 1988. However, the trial court characterized the remaining question whether that contact constituted a continuation of service as a question of law. The trial court granted defendant's motion for summary disposition, stating as follows:

> This Court is satisfied that the malpractice claim arises out of Defendant's alleged failure to perfect the secured promissory note and that although any conversation or research done by Defendant in August, 1988 was related to such work, it was not continuous. At best, the last date of service was at the closing in November [sic], 1986. Plaintiff [sic] failed to file its Complaint within two years of that date. It was filed in August, 1990. Pursuant to the requirements of MCLA 600.5805(4) and 600.5838(1). [sic] Also, Plaintiff [sic] discovered or should have discovered the existence of the claim at the latest in August, 1988 when they were informed of the problem by their Florida attorney and failed to file within six months pursuant to MCLA 600.5838(2). Thus, the claim is barred by the Statute of Limitations.

Plaintiffs appeal as of right from the trial court's order of summary disposition in favor of defendant. In deciding a motion for summary disposition under MCR 2.116(C)(7), a court must accept all of the plaintiff's well-pleaded allegations as true and construe them most favorably to the

plaintiff. *Brownell v Garber,* 199 Mich App 519, 529; 503 NW2d 81 (1993).

A legal malpractice claim must be brought within two years of the date the attorney discontinues serving the client, or within six months after the plaintiff discovers or should have discovered the existence of the claim, whichever is later. MCL 600.5805; MSA 27A.5805, MCL 600.5838; MSA 27A.5838; *Hooper v Hill Lewis,* 191 Mich App 312, 314; 477 NW2d 114 (1991); *Gebhardt v O'Rourke,* 444 Mich 535, 541; 510 NW2d 900 (1994). The present controversy does not involve the six-month discovery provision. Instead, this dispute concerns whether plaintiffs brought their claim within two years of the date that defendant discontinued serving plaintiffs. More specifically, the essential question is whether defendant was still serving plaintiffs on August 15, 1988, in connection with the sale of the business.

A lawyer discontinues serving a client when relieved of the obligation by the client or the court, *Stroud v Ward,* 169 Mich App 1, 6; 425 NW2d 490 (1988), or upon completion of a specific legal service that the lawyer was retained to perform. *Chapman v Sullivan,* 161 Mich App 558, 561-562; 411 NW2d 754 (1987). Retention of an alternative attorney effectively terminates the attorney-client relationship between the defendant and the client. *Stroud, supra* at 4.

In the present case, we must accept as true plaintiffs' well-pleaded allegation that defendant sent them a bill for services rendered on August 15, 1988. *Brownell, supra* at 529. Defendant has not specifically denied this allegation. Defendant acknowledges that he did speak with plaintiffs and their Florida attorney, and also conducted legal research on August 15, 1988. At the initial hearing on defendant's motion for summary disposition

held on July 10, 1991, the trial court found as fact that defendant did send plaintiffs a bill for services rendered on August 15, 1988.

We agree with counsel for defendant that a call by a disgruntled former client to his former lawyer, accusing him of professional malpractice, does not in itself constitute a continuation of prior representation in connection with the client's business for purposes of the statute of limitations. However, in such a situation one would not expect the lawyer to bill the former client for the telephone call in question. In the present case, it appears that defendant reviewed applicable provisions of the UCC, contacted plaintiffs and their Florida attorney by phone, and made a memo to the file—all on August 15, 1988. It appears that defendant then billed plaintiffs for one hour of work for performing these services. In this factual setting, we are of the opinion that the work performed by defendant for plaintiffs, and duly billed to them, does constitute continuing representation following the 1986 sale of the business. We believe that an attorney's act of sending a bill constitutes an acknowledgment by the attorney that the attorney was performing legal services for the client.

Although plaintiffs already had consulted alternative counsel in Florida in August 1988, we do not believe that this necessarily terminated the attorney-client relationship between the instant parties because defendant earlier had directed plaintiffs to consult with Florida counsel in order to protect fully plaintiffs' interests under Florida law. In other words, plaintiffs' Florida counsel was not consulted in place of, but in addition to, defendant. Contrast *Stroud, supra* at 4.

Accordingly, we conclude that the trial court erred in ruling as a matter of law that defendant was no longer representing plaintiffs on August 15,

1988. We reverse the trial court's order of summary disposition and remand for reinstatement of plaintiffs' claim.

In light of our decision to remand, we decline to address plaintiffs' other issue regarding the correction of the record on appeal.

Reversed and remanded for further proceedings. We do not retain jurisdiction.