# STATE OF MICHIGAN

# COURT OF APPEALS

DEBORAH FUQUA, also known as DEBORAH
FUQUA-FREY,

       Plaintiff-Appellant,

v

DAVID GOLDSTEIN,

      Defendant-Appellee.

UNPUBLISHED
July 12, 2018

No. 336418
Wayne Circuit Court
LC No. 15-016748-NM

Before: BORRELLO, P.J., and SHAPIRO and TUKEL, JJ.

PER CURIAM.

In this civil matter raising claims against an attorney, plaintiff appeals as of right from the trial court's order that granted summary disposition of Count IV of her first amended complaint against defendant and rejected her second amended complaint as improperly filed. The trial court previously granted summary disposition in defendant's favor with respect to the four other counts of plaintiff's amended complaint. The trial court also denied plaintiff's motions to reconsider both of these decisions. We affirm in part, reverse in part, and remand for further proceedings.

## I. BASIC FACTS

Plaintiff retained defendant to obtain mortgage modifications through filing for bankruptcy. Defendant indeed filed a petition for bankruptcy on plaintiff's behalf in the United States Bankruptcy Court for the Eastern District of Michigan. The attorney-client relationship devolved, however, causing defendant to seek to withdraw from the matter. At a hearing held on December 19, 2013, plaintiff, through her then-boyfriend (now current husband), David Frey, represented to the judge presiding over the bankruptcy proceeding that she no longer wanted defendant to represent her. The judge stated that he would permit defendant to withdraw. An order memorializing this decision was entered four days later, on December 23, 2013.

Plaintiff filed the instant suit on December 22, 2015. After defendant moved for summary disposition, plaintiff filed an amended complaint raising five counts. The trial court ruled that four of these five counts sounded in legal malpractice. The trial court further held that any such malpractice claim accrued on December 19, 2013, the date the bankruptcy judge held the hearing regarding defendant's withdrawal. Thus, the trial court dismissed these counts

-1-

(Counts I, II, III, and V)[1] of the amended complaint, finding that the two-year statute of limitations applicable to malpractice claims, MCL 600.5805(6), had expired three days before plaintiff filed suit. The trial court directed defendant to either file an answer to Count IV of the amended complaint or file a second dispositive motion addressing that count. Defendant then sought summary disposition on the remaining Count IV (labeled "Collusion"), and the trial court ultimately granted the motion. The trial court rejected plaintiff's motions for reconsideration of its decisions and also plaintiff's attempt to amend her complaint a second time without leave of the court to do so. The instant appeal followed.

## II. SUMMARY DISPOSITION

Because, when the trial court granted defendant's motion for summary disposition, it was ruling on the validity of plaintiff's claims contained in her first amended complaint, that is the complaint we will address.

## A. PLAINTIFF'S MALPRACTICE CLAIM

Plaintiff first argues that the trial court erred when it concluded that her legal malpractice claim (or claims) accrued on December 19, 2013, rendering her complaint, at least to the extent it alleges legal malpractice, untimely. We conclude that any legal malpractice claims accrued on December 19, 2013, which means that plaintiff raising any such claims on December 22, 2015 was untimely.

"This Court reviews the grant or denial of summary disposition de novo to determine if the moving party is entitled to judgment as a matter of law. In making this determination, the Court reviews the entire record to determine whether defendant was entitled to summary disposition." *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). "Whether a claim is barred by a statute of limitations is a question of law that this Court reviews de novo." *Scherer v Hellstrom*, 270 Mich App 458, 461; 716 NW2d 307 (2006). A motion for summary disposition challenging whether a claim is barred by the applicable statute of limitations is properly brought under MCR 2.116(C)(7). *Levy v Martin*, 463 Mich 478, 489 n 19; 620 NW2d 292 (2001).

> A party may support a motion under MCR 2.116(C)(7) by affidavits, depositions, admissions, or other documentary evidence. If such material is submitted, it must be considered. MCR 2.116(G)(5). Moreover, the substance or content of the supporting proofs must be admissible in evidence. Unlike a motion under subsection (C)(10), a movant under MCR 2.116(C)(7) is not required to file supportive material, and the opposing party need not reply with supportive material. The contents of the complaint are accepted as true unless contradicted by documentation submitted by the movant. [*Maiden*, 461 Mich at 119 (citation omitted).]

---

[1] Count I was for professional malpractice, Count II was for breach of contract, Count III was for fraud and misrepresentation, and Count V was for breach of fiduciary duty.

A claim alleging legal malpractice must be brought either within two years after the claim first accrued or within six months after the plaintiff discovered or should have discovered the existence of the claim. MCL 600.5805(6); MCL 600.5838(1) and (2); *Kloian v Schwartz*, 272 Mich App 232, 235; 725 NW2d 671 (2006). In this matter, plaintiff's suit was filed on December 22, 2015. Defendant argues that the suit alleges only legal malpractice, and that the claim accrued on December 19, 2013, thus making her suit three days too late.[2] Plaintiff contends that to the extent her suit alleges legal malpractice, any such claim accrued on December 23, 2013, making her complaint timely.[3] The trial court agreed with defendant, and was correct to do so.

Pursuant to MCL 600.5838(1):

> Except as otherwise provided in [MCL 600.]5838a or [MCL 600.]5838b, a claim based on the malpractice of a person who is, or holds himself or herself out to be, a member of a state licensed profession accrues at the time that person discontinues serving the plaintiff in a professional or pseudoprofessional capacity as to the matters out of which the claim for malpractice arose, regardless of the time the plaintiff discovers or otherwise has knowledge of the claim.

"Special rules have been developed in an effort to determine exactly when an attorney 'discontinues serving the plaintiff in a professional . . . capacity' for purposes of the accrual statute." *Kloian*, 272 Mich App at 237. "For example, this Court has stated that an attorney's representation of a client generally continues until the attorney is relieved of that obligation by the client *or* the court." *Id*, citing *Mitchell v Dougherty*, 249 Mich App 668, 683; 644 NW2d 391 (2002) (emphasis added). In *Hooper v Lewis*, 191 Mich App 312; 477 NW2d 114 (1991), the plaintiff, Joseph C. Hooper, Jr., had retained an attorney to represent him in an estate matter. *Id*. at 313. A settlement was reached, but a dispute arose between Hooper, his attorneys, and the bank responsible for preparing final accountings. *Id*. On June 17, 1986, Hooper wrote his attorneys and explained that they were no longer authorized to act on his behalf. *Id*. at 313-314. The attorneys then moved to withdraw from the matter, and on October 9, 1986, the trial court entered an order permitting the withdrawal. *Id*. at 314. Hooper filed suit for malpractice on October 6, 1988. *Id*.

Hooper contended, as does plaintiff here, that the claim accrued "when the [trial] court entered the order allowing withdrawal." *Id*. Hooper's former attorneys contended that any malpractice claim accrued months earlier, "no later than June 17, 1986, when [Hooper] wrote the letter effectively discharging the firm." *Id*. The trial court agreed that the suit was untimely, and

---

[2] No party contends that the six-month "discovery rule," see *Kloian*, 272 Mich App at 235, is applicable in this case.

[3] The nature of plaintiff's various claims is a separate question discussed later in this opinion. But as will be discussed, only Count I of plaintiff's amended complaint states a claim of legal malpractice. Thus, the discussion of the date plaintiff's legal malpractice claim accrued is relevant only to Count I of plaintiff's amended complaint.

this Court affirmed. *Id.* at 314-315. This Court held that "[a]n attorney discontinues serving a client, for purposes of the statute of limitations, when then attorney is relieved of the obligation to serve by *either* the client or the court." *Id.* at 315 (emphasis added). This rule governed notwithstanding the parties' retainer agreement, which provided that " 'termination by Client pursuant to this paragraph shall not be effective until Client has approved a Stipulation and an Order allowing Attorney to withdraw as counsel of record in any legal proceedings within the scope of this Agreement.' " *Id.* As a result, even in light of the parties' contract, the attorneys were discharged in June 1986 for purposes of the statute of limitations, when Hooper terminated their authority to represent him. *Id.* at 315-316. Importantly, "[n]o additional court action was necessary to effectuate that discharge." *Id.* at 316.

*Hooper* controls the outcome in the present matter. At a hearing in federal bankruptcy court held on December 19, 2013, plaintiff, through Frey, represented to the court that she no longer wanted defendant to represent her in the bankruptcy matter. The bankruptcy judge explained that he would "grant the motion to permit [defendant] to withdraw and that's without any prejudice to what other claims [plaintiff] may have against him." Clearly, the professional relationship was over at that point. Plaintiff discharged defendant on December 19, 2013, and "[n]o additional court action was necessary to effectuate that discharge." *Id.* The fact that a written order granting the motion was not entered until four days later is simply not relevant. *Id.*

Consequently, because plaintiff's original complaint was filed more than two years after any claim for malpractice accrued, those claims are barred by the statute of limitations.

## B. PLAINTIFF'S OTHER CLAIMS

Plaintiff next argues that the trial court erred by dismissing Counts II through V of her amended complaint based on its conclusion that Counts II, III, and V were mislabeled claims of legal malpractice. We agree.

To the extent the trial court's decisions rest on a determination that the claims were barred because they all sounded in malpractice and were therefore time-barred, we construe the motion as having been decided pursuant to MCR 2.116(C)(7). See *Bryant v Oakpointe Villa Nursing Centre*, 471 Mich 411, 419; 684 NW2d 864 (2004). To the extent the trial court's decision rested on an examination of whether the complaint stated a claim upon which relief could be granted (i.e., the legal sufficiency of the allegations of the complaint), we view the motion as having been decided under MCR 2.116(C)(8). *Maiden*, 461 Mich at 119-120. As our Supreme Court explained in *Maiden*:

> A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint. All well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant. A motion under MCR 2.116(C)(8) may be granted only where the claims alleged are so clearly unenforceable as a matter of law that no factual development could possibly justify recovery. When deciding a motion brought under this section, a court considers only the pleadings. [Quotation marks and citations omitted.]

"Courts are not bound by the labels that parties attach to their claims." *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 691; 822 NW2d 254 (2012). "[I]t is well settled that the gravamen of an action is determined by reading the complaint as a whole, and by looking beyond mere procedural labels to determine the exact nature of the claim." *Id*. at 691-692 (quotation marks and citation omitted). Thus, while plaintiff's amended complaint ostensibly pleaded five different counts under five different theories, this Court must examine the substance of each count to determine what is truly alleged. Ultimately, the question is whether plaintiff's complaint pleads anything other than legal malpractice. The elements of legal malpractice are "(1) the existence of an attorney-client relationship," "(2) *negligence* in the legal representation of the plaintiff," "(3) that the negligence was a proximate cause of an injury," and "(4) the fact and extent of the injury alleged." *Bowden v Gannaway*, 310 Mich App 499, 503; 871 NW2d 893 (2015) (quotation marks and citation omitted; emphasis added). We conclude that the trial court erred because it failed to recognize that Counts II, III, and V of the complaint do not simply allege *negligence* but, rather, intentional and other conduct by defendant that caused harm to plaintiff.

Plaintiff titled her first count as alleging malpractice and breach of fiduciary duty. However, she does not dispute that this count is truly a claim of legal malpractice. As already discussed, the two-year statute of limitations stated in MCL 600.5805(6) applies, and the claim accrued on December 19, 2013, making plaintiff's complaint, which was filed on December 22, 2013, untimely. Accordingly, the trial court properly dismissed this count of the complaint.

Count II of the amended complaint is titled as a claim for breach of contract. Plaintiff alleged that in her retention agreement with defendant, she "specifically contracted with Defendant to obtain mortgage modifications aka cram downs" for plaintiff. Plaintiff further alleged that defendant breached the agreement by filing for Chapter 7 bankruptcy, despite knowing that plaintiff could only obtain mortgage modifications by filing for Chapter 13 bankruptcy, rather than Chapter 7 bankruptcy.

Generally, "claims against attorneys brought on the basis of inadequate representation sound in tort and are governed by the malpractice statute of limitations, even though a plaintiff may assert that the attorney's actions breached a contract." *Aldred v O'Hara-Bruce*, 184 Mich App 488, 490; 458 NW2d 671 (1990). Attorneys may be held liable under a breach-of-contract theory, but only when the attorney has breached a "special agreement" to perform a specific act. *Brownell v Garber*, 199 Mich App 519, 524-526; 503 NW2d 81 (1993); *Barnard v Dilley*, 134 Mich App 375, 378; 350 NW2d 887 (1984). In *Brownell*, this Court explained:

> "A lawyer is not an insurer of the result in a case in which he is employed, *unless he makes a special contract to that effect, and for that purpose*. Neither is there any implied contract, when he is employed in a case, or any matter of legal business, that he will bring to bear learning, skill, or ability beyond that of the average of his profession. Nor can more than ordinary care and diligence be required of him, without a special contract is made requiring it." [*Brownell*, 199 Mich App at 525, quoting *Babbitt v Bumpus*, 73 Mich 331, 337-338; 41 NW 417 (1889) (emphasis added).]

If one glosses over the specific allegations of plaintiff's amended complaint, one would be left with the general impression that plaintiff is alleging that defendant failed to provide competent services in that he chose the wrong chapter under which to file bankruptcy.[4] If read in this manner, the complaint would seem to allege no more than negligent representation by defendant—or in other words, legal malpractice. *Bowden*, 310 Mich App at 503; *Brownell*, 199 Mich App at 526.

However, plaintiff's complaint goes beyond simply alleging that defendant was negligent. Instead, plaintiff alleges that she informed defendant when they first met that her sole purpose in declaring bankruptcy was to obtain mortgage modifications. Plaintiff alleged she "specifically contracted with Defendant to obtain mortgage modifications," which defendant would obtain by filing under "the proper bankruptcy" chapter. She alleged that defendant breached this agreement when he filed under Chapter 7, which did not allow for such mortgage modifications.

We conclude that plaintiff has pleaded a breach of contract claim against defendant. Taken as a whole, plaintiff did *not* allege that defendant simply made an error or "failed to exercise the requisite skill" in his representation of plaintiff. *Brownell*, 199 Mich App at 524. Rather, plaintiff alleges that defendant agreed to perform a specific task: "to obtain mortgage modifications." However, according to plaintiff's complaint, defendant's actions (filing Chapter 7 bankruptcy) made it impossible to obtain the desired result. Thus, plaintiff's complaint does not simply allege that defendant's negligence resulted in an undesirable outcome, as would be the case in an ordinary legal malpractice suit. *Id*. Rather, the complaint alleges that defendant warrantied that plaintiff would obtain the result she desired when in reality defendant knew that was untrue. Thus, the complaint alleges the type of promise discussed in *Brownell* and *Babbitt*—a promise that a specific result could be obtained—that properly pleads a claim of breach of contract against an attorney. As a properly pleaded claim of breach of contract, the statute of limitations applicable to malpractice claims does not apply.

The limitations period for a breach of contract claim is 6 years. MCL 600.5807(8); *Miller-Davis Co v Ahrens Const, Inc*, 489 Mich 355, 357; 802 NW2d 33 (2011). Thus, because plaintiff retained defendant in May 2012, it is clear that the six-year limitations period had not lapsed by the time plaintiff filed her complaint in December 2015, and the trial court erred when it dismissed this count on the basis that it was time-barred.

---

[4] Indeed, plaintiff in her amended complaint also alleges that defendant agreed to "file the proper bankruptcy to obtain mortgage modifications for Plaintiff." While this particular allegation appears to sound in malpractice because the "agreement" merely is for defendant to do something "proper[ly]," as opposed to agreeing to achieve a particular result, this is not fatal to plaintiff's claim. That is because in reviewing a motion under MCR 2.116(C)(8), we must view the complaint in its entirety and in a light most favorable to plaintiff. *Maiden*, 461 Mich at 119. In this case, plaintiff also alleged that defendant specifically agreed to obtain mortgage modifications for her, which is a contract for a particular result.

The trial court also failed to appreciate the true nature of plaintiff's third count, which alleges fraud in the form of an intentional misrepresentation. A claim of fraudulent misrepresentation requires proof of six elements: (1) that the defendant made a material representation, (2) that was false, (3) that the defendant knew the representation was false, or made it "recklessly, without any knowledge of its truth, and as a positive assertion[,]" (4) that the defendant intended the plaintiff to act in reliance on the representation, (5) that the plaintiff did, in fact, act in reliance on the representation, and (6) that the plaintiff suffered injury as a result. *Hord v Environmental Research Institute of Mich*, 463 Mich 399, 404; 617 NW2d 543 (2000). Plaintiff's amended complaint alleges:

> 27. Defendant advised Plaintiff and placed her in a [C]hapter 7 bankruptcy with full knowledge that she would not be able to obtain mortgage modifications aka cram downs with the bank that she contracted with Defendant to do and that ultimately she would lose her houses.

> 28. Defendant stated when Plaintiff was considering retaining him that she only qualified for a [C]hapter 7 and that she could obtain mortgage modifications aka cram downs through a [C]hapter 7 when he had fill [sic, full] knowledge that she could not do so.

> 29. Defendant knowingly made this statement knowing that it was a material misrepresentation.

> 30. Defendant knowingly made this statement knowing that it was a false representation.

> 31. At the time Defendant made the statement he did so knowing it was false, or he made it recklessly, without knowledge of it's [sic] truth and as a positive assertion.

> 32. Defendant made it at the time with the intent that Plaintiff should act thereon.

> 33. Plaintiff acted thereon [sic] Defendant's representation in reliance thereon and was injured as a result of her detrimental reliance causing her financial and emotion[al] damages among other damages.

Clearly, plaintiff's complaint tracks the elements of fraud. Plaintiff alleges that defendant made a misrepresentation (that she could obtain mortgage modifications by filing for Chapter 7 bankruptcy), knowing this statement was false, and intending that plaintiff rely on the statement. Plaintiff alleges that she relied on the statement (i.e., she filed for Chapter 7 bankruptcy), and that by doing so, she suffered injury. These are precisely the sort of allegations to plead a claim of fraudulent misrepresentation. *Hord*, 463 Mich at 404.

In *Brownell*, this Court explained that "the interest involved in a claim for damages arising out of a fraudulent misrepresentation differs from the interest involved in a case alleging that a professional breached the applicable standard of care. Simply put, fraud is distinct from malpractice." *Brownell*, 199 Mich App at 532. "Fraud is no less actionable because it is

committed by an attorney with whom the plaintiff has an attorney-client relationship." *Id.* "[W]hen a complaint alleges not only malpractice but also all the necessary elements of fraud, the statute of limitations governing fraud actions will apply to the fraud count and, if such count is not barred, the plaintiff may proceed on that cou[n]t to collect damages proximately caused by the alleged fraud." *Id.* at 533. In *Barnard*, this Court found that the plaintiff had stated an actionable claim for fraud by contending that the defendant either knew a property settlement would have adverse tax consequences but represented otherwise to the plaintiff, or never investigated the tax consequences of the settlement "notwithstanding explicit representations to the contrary." *Id.* at 533-534. Similarly, in this case, plaintiff alleged that she was misled by an attorney who, although he knew it to be false, told plaintiff that she could obtain mortgage modifications by filing for Chapter 7 bankruptcy. Plaintiff stated a claim for fraud, and thus, the statute of limitations for legal malpractice claims does not control Count III of the amended complaint. Indeed, the period of limitations for a claim of fraud is six years. See *Kuebler v Equitable Life Assurance Society of the US*, 219 Mich App 1, 6; 555 NW2d 496 (1996), citing MCL 600.5813. Accordingly, the trial court erred when it dismissed this count on the basis of the claim being time-barred.

Before examining plaintiff's fourth count, we address Count V of the amended complaint, which is titled as one alleging a breach of fiduciary duty. In this count, plaintiff alleges:

> 41. Defendant had a fiduciary duty as a member of the State Bar separate from the attorney[-]client relationship and not to mislead and intentionally misrepresent Plaintiff into believing that filing a [C]hapter 7 bankruptcy would accomplish her goal of obtaining mortgage modifications aka cram downs on her real estate mortgages and allow her to restructure her financial affairs and retain ownership of her real estate properties.
>
> 42. Defendant made these intentional misrepresentations with full knowledge that Plaintiff could not obtain mortgage modifications aka cram downs in a [C]hapter 7 and with full knowledge that she would ultimately lose her real estate properties through foreclosure, her future income stream of rental income, and that she would end up in a worse financial position than when she first interviewed defendant.
>
> 43. Defendant breached these fiduciary duties when he lied to Plaintiff and induced her to retain him on the pretext that she did not qualify to file either a [C]hapter 11, or 13, and that she could accomplish her objectives by filing a [C]hapter 7.
>
> 44. Plaintiff was injured as a result of her reliance on Defendant's false representations.

As this Court explained in *Prentis Family Foundation v Barbara Ann Karmanos Cancer Inst*, 266 Mich App 39, 43-44; 698 NW2d 900 (2005):

When a fiduciary relationship exists, the fiduciary has a duty to act for the benefit of the principal regarding matters within the scope of the relationship. Whether a duty exists is a question of law for the court to decide. A fiduciary relationship arises from the reposing of faith, confidence, and trust and the reliance of one on the judgment and advice of another. However, the placement of trust, confidence, and reliance must be reasonable, and placement is unreasonable if the interests of the client and the nonclient are adverse or even potentially adverse. [Quotation marks, brackets, and citations omitted.]

"The conduct required to constitute a breach of fiduciary duty requires a more culpable state of mind than the negligence required for malpractice." *Id*. at 47. "Damages may be obtained for a breach of fiduciary duty when a position of influence has been acquired and abused, or when confidence has been reposed and betrayed." *Id*. (quotation marks and citation omitted).

In the present matter, plaintiff did not simply allege a breach of fiduciary duty claim premised on negligence by defendant. Rather, plaintiff alleges that defendant intentionally misled her into filing for Chapter 7 bankruptcy, in violation of a fiduciary duty owed to her through the nature of the attorney-client relationship. The existence of an attorney-client relationship does not preclude a claim for breach of fiduciary duty. See *id*. Rather, so long as plaintiff alleges the existence of the more culpable state of mind required to state such a claim, her claim is one for breach of fiduciary duty, and not one sounding in legal malpractice. By alleging *intentional* misconduct by defendant, rather than negligence, plaintiff has pleaded a claim for breach of fiduciary duty. Accordingly, the trial court erred when it concluded that Count V of the complaint was a mislabeled malpractice claim. We note the statute of limitations provides for a three-year limitations period for a claim of breach of fiduciary duty, *id.*, citing MCL 600.5805(10), instead of a two-year limitations period for a malpractice claim. Although we cannot rule definitively that this claim is not time-barred, we nonetheless reverse the trial court's decision because the trial court relied on its belief that the count was time-barred as a malpractice claim.[5]

Returning to Count IV of the complaint, which plaintiff titled as a count of "collusion," plaintiff alleged:

36. Defendant made an agreement with [the] trustee to place her in improper bankruptcies, thereby depriving Plaintiff of her legal rights, in order to gain benefit for themselves to Plaintiff's detriment.

---

[5] Because plaintiff filed her complaint on December 22, 2015, any such claim would have to have accrued no earlier than December 22, 2012, in order to be viable. While we recognize that plaintiff retained defendant in May 2012, because it was not argued at the trial court, we offer no opinion on when this claim for breach of fiduciary duty actually accrued. Instead, our holding simply is that when the trial court ruled that the claim was time-barred as a result of it sounding in legal malpractice, the court erred.

37. The agreement to manipulate Plaintiff's bankruptcy for their advantage was in and of itself a wrongful act.

38. Plaintiff was damaged as a result of the Defendant's collusion with [the] Trustee to manipulate Plaintiff's bankruptcy for their own personal benefit.

There seems to be no dispute that Michigan does not recognize a claim of "collusion" in the civil context. But that fact is irrelevant. Again, courts are not bound by the label a party places on his or her claim. *Buhalis*, 296 Mich App 691. And given defendant's arguments below, the trial court's decision, and plaintiff's attempt to amend her complaint a second time, it is quite clear that all understand that this count is, in truth, a claim of civil conspiracy, which is recognized in Michigan. See *Advocacy Organization for Patients & Providers v Auto Club Ins Ass'n*, 257 Mich App 365, 384; 670 NW2d 569 (2003), aff'd 472 Mich 91 (2005). Thus, regardless of the label placed on the claim by plaintiff, the question is whether she stated a claim for civil conspiracy.

"A civil conspiracy is a combination of two or more persons, by some concerted action, to accomplish a criminal or unlawful purpose, or to accomplish a lawful purpose by criminal or unlawful means." *Id*. (quotation marks and citation omitted). "A claim for civil conspiracy may not exist in the air; rather, it is necessary to prove a separate, actionable tort." *Id*. (quotation marks and citation omitted). The trial court concluded, in part, that because all of plaintiff's other counts were time-barred legal malpractice claims, there did not exist an underlying tort on which to premise the civil conspiracy claim. However, for the reasons discussed above, plaintiff has stated several claims that are not legal malpractice claims. Thus, this basis for the trial court's ruling no longer exists, and we reverse the grant of summary disposition on this civil conspiracy count.

On appeal, defendant looks to plaintiff's second amended complaint (i.e., the complaint that was rejected by the trial court) and argues that it fails to state a claim. Defendant explains that "[t]here's a lot that's wrong with [plaintiff's] conspiracy allegations. For one thing, they're false." Given that the trial court did not accept plaintiff's second amended complaint, the factual allegations of that complaint are simply not at issue, at least at this point in time. Perhaps plaintiff will be granted leave to file her second amended complaint pursuant to MCR 2.118(A)(2) when the matter returns to the trial court. In any event, we decline to address the viability of any of the claims as presented in plaintiff's second amended complaint.

In sum, while Count I of plaintiff's complaint is a legal malpractice claim that the trial court correctly concluded was time-barred, the remaining counts are not claims of legal malpractice. Accordingly, while we affirm the dismissal of Count I of the complaint, we reverse the trial court's decision to dismiss the remaining counts and remand for further proceedings consistent our decision.

III. PLAINTIFF'S ATTEMPT TO FILE A SECOND AMENDED COMPLAINT

Finally, plaintiff contends that the trial court abused its discretion by refusing to allow her to file a second amended complaint as a matter of course pursuant to MCR 2.118(A)(1). We disagree. This Court reviews a trial court's decision whether to permit a party to amend a

pleading for an abuse of discretion. *In re Kostin*, 278 Mich App 47, 51; 748 NW2d 583 (2008). "[A]n abuse of discretion occurs only when the trial court's decision is outside the range of reasonable and principled outcomes." *Id*. To the extent consideration of this issue requires this Court to interpret a court rule, this Court's review is de novo. *AFP Specialties, Inc v Vereyken*, 303 Mich App 497, 504; 844 NW2d 470 (2014).

On October 13, 2016, the same day she filed a response to defendant's second motion for summary disposition, plaintiff without leave of the court, filed a second amended complaint. The second amended complaint purported to incorporate by reference the first amended complaint and listed only a single count, "Count IV," which was now titled, "Collusion/Civil Conspiracy."[6] Plaintiff contends that she was entitled to file a second amended complaint as a matter of course pursuant to MCR 2.118(A)(1). This court rule states, "A party may amend a pleading *once* as a matter of course within 14 days after being served with a responsive pleading by an adverse party, or within 14 days after serving the pleading if it does not require a responsive pleading." MCR 2.118(A)(1) (emphasis added). "Except as provided in subrule (A)(1), a party may amend a pleading only by leave of the court or by written consent of the adverse party." MCR 2.118(A)(2).

Plaintiff fails to understand that the right to file an amended complaint under MCR 2.118(A)(1) ends after one amendment. After a plaintiff has filed one amended complaint, there is no longer any right to file further amendments; rather, all further amendments must be by leave of the court. MCR 2.118(A)(1) and (2). Plaintiff's first amended complaint was the single amendment she was permitted to file as a matter of course under MCR 2.118(A)(1). Therefore, the trial court properly rejected plaintiff's attempt to file a second amended complaint as a matter of course, and it did not abuse its discretion.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. No taxable costs, as no party prevailed in full. MCR 7.219.

/s/ Stephen L. Borrello
/s/ Douglas B. Shapiro
/s/ Jonathan Tukel

---

[6] Presumably, plaintiff was intending to merely replace Count IV in the first amended complaint with this count.