### ALDRED v O'HARA-BRUCE

Docket No. 112840. Submitted April 10, 1990, at Detroit. Decided July 3, 1990.

Clarence and Bernice Aldred retained attorney Sharon O'Hara-Bruce to represent their son. More than two years after O'Hara-Bruce stopped representing the Aldreds' son, the Aldreds brought an action in the 52nd District Court, claiming that O'Hara-Bruce had breached the contract to provide legal services to their son. Defendant moved for summary disposition, contending that plaintiffs' action was barred under the two-year statute of limitations for malpractice actions. The district court denied the motion. The Oakland Circuit Court, Frederick C. Ziem, J., denied defendant's application for leave to appeal. Defendant appealed by leave granted.

The Court of Appeals *held:*

A claim against an attorney brought on the basis of inadequate representation sounds in tort and is governed by the statute of limitations for malpractice actions, even where, as here, the plaintiff asserts that the attorney's inadequate representation is in breach of contract.

Reversed.

ATTORNEY AND CLIENT — MALPRACTICE — LIMITATION OF ACTIONS.

A claim against an attorney brought on the basis of inadequate representation sounds in tort and is governed by the statute of limitations for malpractice actions, even where the plaintiff asserts that the attorney's inadequate representation is in breach of contract (MCL 600.5805[4], 600.5838; MSA 27A.5805[4], 27A.5838).

*Kevin A. McNulty,* for defendant.

Before: HOLBROOK, JR., P.J., and McDONALD and JANSEN, JJ.

REFERENCES

Am Jur 2d, Attorneys at Law § 220.

What statute of limitations governs damage action against attorney for malpractice. 2 ALR4th 284.

PER CURIAM. Defendant appeals by leave granted from an October 13, 1988, order of the Oakland Circuit Court denying her application for leave to appeal from two orders of the district court which denied her motions for summary disposition. Defendant, an attorney, has been sued in connection with her representation of plaintiffs' son in certain criminal matters, and claims that the courts below erred in failing to find the suit barred by the two-year statute of limitations for legal malpractice. Defendant also claims that the lower courts erred in granting summary disposition because plaintiffs do not have standing, since they are not her clients, and there is no genuine issue of material fact. We find that the present action is barred by the two-year statute of limitations for legal malpractice and reverse.

In December of 1984, plaintiffs' son was arrested and charged with committing numerous felonies. In March of 1985, plaintiffs hired defendant to represent their son and paid her a $5,000 retainer. In a letter dated April 16, 1985, defendant informed the son's court-appointed counsel that she had been retained, and requested his consent to a substitution of attorneys. Unbeknownst to defendant, a pretrial conference in the criminal case was scheduled for June 6, 1985. Because defendant was not the attorney of record on the case until the next day, notice of the pretrial conference was sent to the son's court-appointed counsel, and defendant never received it. As a result, defendant missed the pretrial conference. Shortly thereafter, plaintiffs' son fired defendant and hired another attorney.

Two years and four months later, on November 13, 1987, plaintiffs instituted the present action against defendant in district court. In their complaint, plaintiffs allege that on or about April 1,

1985, they entered into a contract with defendant to provide legal services for the benefit of their son, and that defendant breached the contract. We find that, although the complaint is worded in the form of a breach of contract claim, the gravamen of the action is one for legal malpractice. As such, plaintiffs failed to file their complaint within the two-year statute of limitations for legal malpractice claims.

In determining whether an action is of a type subject to a particular statute of limitations, we look at the basis of the plaintiff's allegations. The type of interest allegedly harmed is the focal point in determining which limitation period controls. *Barnard v Dilley,* 134 Mich App 375, 378; 350 NW2d 887 (1984). The gravamen of an action is determined by reading the claim as a whole. *Adkins v Annapolis Hospital,* 116 Mich App 558, 563; 323 NW2d 482 (1982), aff'd 420 Mich 87; 360 NW2d 150 (1984). Accordingly, this Court has held that claims against attorneys brought on the basis of inadequate representation sound in tort and are governed by the malpractice statute of limitations, even though a plaintiff may assert that the attorney's actions breached a contract. *Barnard, supra; Stroud v Ward,* 169 Mich App 1, 9; 425 NW2d 490 (1988), lv den 432 Mich 852 (1989).

Following a review of plaintiffs' complaint, we find that it is one for malpractice. The complaint indicates that defendant was retained not to perform a specific act but to exercise appropriate legal skill in providing legal representation throughout the various stages of the criminal proceedings. Furthermore, the allegations in plaintiffs' complaint state that defendant failed to act "diligently and professionally" in connection with plaintiffs' son's case and that the same constituted "negligence, breach of duty, lack of professional respon-

sibility as well as breach of contractual obligations." Plaintiffs' complaint as a whole evidences that damages flowed not from defendant's failure to represent their son, but from her failure to do so adequately. We find that this claim is grounded in malpractice only. Since plaintiffs' complaint represents an action for malpractice, plaintiffs' complaint is barred by the statute of limitations. MCL 600.5805(4); MSA 27A.5805(4); MCL 600.5838; MSA 27A.5838; *Pantely v Garris, Garris & Garris, PC,* 180 Mich App 768, 779-780; 447 NW2d 864 (1989). On this basis, the trial court should have granted defendant's motion for summary disposition.

Since we find that plaintiffs' action is in the form of a malpractice action and not a contract action, we do not address defendant's contentions that plaintiffs, as nonclients, do not have standing to assert a breach of contract claim for an attorney's representations rendered on behalf of another and that she was entitled to summary disposition on the basis that there were no material facts in dispute under MCR 2.116(C)(10).

Reversed.