# STATE OF MICHIGAN

# COURT OF APPEALS

BISHOP & HEINTZ, P.C.,

Plaintiff-Counterdefendant-
Appellee,

v

SCOTT H. FINCH,

Defendant-Counterplaintiff-
Appellant.

UNPUBLISHED
July 12, 2016

No. 327400
Grand Traverse Circuit Court
LC No. 15-030808-CZ

Before: OWENS, P.J., and BORRELLO and O'BRIEN, JJ.

PER CURIAM.

Defendant, Scott H. Finch, appeals as of right the circuit court's April 24, 2015 order granting summary disposition to plaintiff, Bishop & Heintz, P.C., pursuant to MCR 2.116(I) on defendant's counterclaims. We affirm.

This case arises out of plaintiff's legal representation of defendant in various post-judgment proceedings after defendant's divorce. For several years after defendant's divorce, plaintiff represented defendant in various custody-related matters, but, in early 2012, plaintiff filed a motion to withdraw as counsel, and that motion was granted on March 2, 2012. Two years later, on April 29, 2014, plaintiff filed the instant lawsuit against defendant in district court, seeking $15,710.19 in unpaid attorney fees. Defendant answered as well as filed a counterclaim on November 24, 2014, alleging legal malpractice, breach of contract, and negligent infliction of emotional distress against plaintiff. Ultimately, defendant sought a multimillion-dollar damage award in his favor. Defendant also requested that the lawsuit be dismissed under the doctrine of forum non conveniens in light of the fact that he had relocated to Texas. In light of the $3,000,000 sought by defendant in damages, the case was removed to circuit court, and plaintiff subsequently requested summary disposition in its favor on defendant's counterclaims pursuant to MCR 2.116(I). Plaintiff argued that summary disposition pursuant to MCR 2.116(I) was appropriate because defendant's counterclaims, all of which constituted a claim of legal

-1-

malpractice, were statutorily time-barred pursuant to MCL 600.5838b(1).[1] The circuit court agreed, defendant's counterclaims were dismissed, and the matter was returned to the district court. This appeal followed.

A circuit court's decision on a party's motion for summary disposition is reviewed de novo. *Innovative Adult Foster Care, Inc v Ragin*, 285 Mich App 466, 475; 776 NW2d 398 (2009). Similarly, a circuit court's decision that a claim is barred by the statute of limitations, including a circuit court's application and interpretation of a statutory limitations period, is also reviewed de novo. *Stephens v Worden Ins Agency, LLC*, 307 Mich App 220, 227; 859 NW2d 723 (2014). A circuit court's decision on a motion to dismiss a lawsuit pursuant to the doctrine of forum non conveniens is reviewed for an abuse of discretion. *Hernandez v Ford Motor Co*, 280 Mich App 545, 551; 760 NW2d 751 (2008).

On appeal, defendant first argues that the statute of limitations for legal-malpractice claims is six years. He is incorrect. MCL 600.5838b, the statutory provision setting forth the applicable statute of limitations for legal malpractice claims, provides, in pertinent part, as follows:

> (1) An action for legal malpractice against an attorney-at-law or a law firm shall not be commenced after whichever of the following is earlier:

> (a) The expiration of the applicable period of limitations under this chapter.

> (b) Six years after the date of the act or omission that is the basis for the claim.

> (2) A legal malpractice action that is not commenced within the time prescribed by subsection (1) is barred.

MCL 600.5805(6) states that, "[e]xcept as otherwise provided in this chapter, the period of limitations is 2 years for an action charging malpractice." Consistent with those statutory provisions, this Court and our Supreme Court have held that the applicable statute of limitations for legal-malpractice claims is two years. *Sam v Balardo*, 411 Mich 405, 417; 308 NW2d 142 (1981); *Kloian v Schwartz*, 272 Mich App 232, 237; 725 NW2d 671 (2006). Thus, because defendant filed his legal-malpractice counterclaim in this matter after that two-year period had expired, it is barred by the statute of limitations. MCL 600.5805(6); MCL 600.5838b(1)-(2).

---

[1] It is unclear to this Court on appeal why plaintiff's motion relied entirely on MCR 2.116(I) rather than, for example, MCR 2.116(C)(7) (providing that summary disposition is appropriate where a claim is barred by the statute of limitations). Nevertheless, MCR 2.116(I) permits the trial court to grant summary disposition in a party's favor under the circumstances presented here as well.

Defendant's argument before the circuit court and before this Court appears to confuse a statute of limitations with a statute of repose.

> While statutes of repose and statutes of limitation both create temporal barriers to a claim's viability, each functions differently. A statute of repose prevents a cause of action from ever accruing when the injury is sustained after the designated statutory period has elapsed. A statute of limitation, however, prescribes the time limits in which a party may bring an action that has already accrued. Unlike a statute of limitation, then, a statute of repose may bar a claim before an injury or damage occurs. [*Frank v Linkner*, 310 Mich App 169, 179; 871 NW2d 363 (2015), lv gtd 499 Mich 859; 873 NW2d 591 (2016) (citations and internal quotation marks omitted).]

As indicated above, MCL 600.5838b(1) provides that a claim for legal malpractice cannot be filed after either (1) the expiration of the applicable statute of limitations, i.e., two years as set forth in MCL 600.5805(6), or (2) six years after the act or omission that forms the basis of the claim, "*whichever is earlier.*" (Emphasis added.) Here, the two-year statute of limitations, not the six-year statute of repose, applies. Thus, defendant's argument to the contrary lacks merit.

On appeal, defendant also argues that the circuit court erred in dismissing his breach-of-contract counterclaim under the two-year statute of limitations that applies to claims of legal malpractice. We agree with defendant in that the statute of limitations for a general breach-of-contract counterclaim is six years. See MCL 600.5807(8). We disagree, however, with his contention that this statute of limitations applies in this case. Rather, as the circuit court correctly concluded, because defendant's counterclaims—claims based entirely on plaintiff's alleged failure to adequately represent him—constitute legal-malpractice, not breach-of-contract, claims, the two-year statute of limitations for legal-malpractice claims applies. See *Aldred v O'Hara-Bruce*, 184 Mich App 488, 490; 458 NW2d 671 (1990) (holding "that claims against attorneys brought on the basis of inadequate representation sound in tort and are governed by the malpractice statute of limitations, even though a plaintiff may assert that the attorney's actions breached a contract."); see also *Brownell v Garber*, 199 Mich App 519, 525-526; 503 NW2d 81 (1993) (holding that a "trial court did not err in concluding that [a client]'s attempts to plead a contract action should be considered duplicative of the malpractice claim" where "the 'contractual' duties allegedly breached by defendant are indistinguishable from the duty to render legal services in accordance with the applicable standard of care.").

In this case, like in *Aldred* and *Brownwell*, defendant's counterclaims are seemingly indistinguishable—his breach-of-contract counterclaim alleges that plaintiff breached the parties' contract by failing "to provide ethical and competent legal representation,"[2] and his legal-malpractice counterclaim alleges that plaintiff committed legal malpractice by failing to fulfill its

---

[2] Specifically, defendant's breach-of-contract counterclaim provides as follows: "Plaintiff breached its contract with Defendant to provide ethical and competent representation. This failure to perform by Plaintiff has caused Defendant hundreds of thousands of dollars of damage, both past, present, and future."

"professional obligation and duty to Defendant with respect to representation" by failing to act "with the degree of professionalism, diligence, and care required."[3]  Thus, because defendant's breach-of-contract and legal-malpractice claims "on the basis of inadequate representation," *Aldred*, 184 Mich App at 490," "are indistinguishable," *Brownwell*, 199 Mich App at 525-526, the circuit court was correct in concluding that the two-year legal-malpractice statute of limitations applied to both counterclaims.

Relatedly, defendant also argues on appeal that the circuit court erred in dismissing his negligent-infliction-of-emotional-distress counterclaim under the two-year statute of limitations that applies to claims of legal malpractice.  Again, we agree with defendant in that the statute of limitations for most tort claims, including a general negligent-infliction-of-emotional distress counterclaim, is three years.  See MCL 600.5805(10).  However, like defendant's breach-of-contract counterclaim, "[t]he type of interest harmed, rather that the label given the claim, determines what limitations period controls." *Seebacher v Fitzgerald, Hodgman, Cawthorne & King, PC*, 181 Mich App 642, 646; 449 NW2d 673 (1989).

In this case, defendant's negligent-infliction-of-emotional-distress counterclaim is no different than his breach-of-contract or legal-malpractice counterclaims.  As stated above, his legal-malpractice counterclaim alleges that plaintiff committed legal malpractice by failing to fulfill its "professional obligation and duty to Defendant with respect to representation" by failing to act "with the degree of professionalism, diligence, and care required."[4]  Similarly, his negligent-infliction-of-emotional-distress counterclaim alleges that plaintiff negligently inflicted emotional distress by failing to fulfill its "general obligation and duty to Defendant with respect to representation and conduct of the relationship" by failing to act "with the appropriate care and

---

[3] Specifically, defendant's legal-malpractice counterclaim provides as follows:

> Plaintiff had a professional obligation and duty to Defendant with respect to representation.  This abject failure to perform by Plaintiff has caused Defendant millions of dollars of damages, both past, present, and future in terms of emotional distress, physical damage, and permanently damaged relationships with his children, all of which would have been avoided had Plaintiff completed the job for which it was hired with the degree of professionalism, diligence, and care required.

[4] Specifically, as stated above, defendant's legal-malpractice counterclaim provides as follows:

> Plaintiff had a professional obligation and duty to Defendant with respect to representation.  This abject failure to perform by Plaintiff has caused Defendant millions of dollars of damages, both past, present, and future in terms of emotional distress, physical damage, and permanently damaged relationships with his children, all of which would have been avoided had Plaintiff completed the job for which it was hired with the degree of professionalism, diligence, and care required.

diligence required."[5] Thus, because the "type of interest harmed, rather that the label given the claim, determines what limitations period controls," *Seebacher*, 181 Mich App at 646, the circuit court was correct in concluding that the two-year legal-malpractice statute of limitations applied to each of defendant's counterclaims.

Additionally, defendant argues on appeal that the circuit court abused its discretion in failing to dismiss this lawsuit pursuant to the doctrine of forum non conveniens. Under the doctrine of forum non conveniens, trial courts have the discretionary power to decline jurisdiction when the convenience of the parties and the ends of justice "would be better served if the action were brought and tried in another forum." *Hernandez*, 280 Mich App at 551-552. While a plaintiff's choice of forum is generally granted deference, *Manfredi v Johnson Controls, Inc*, 194 Mich App 519, 523; 487 NW2d 475 (1992), trial "courts are charged to consider the plaintiff's choice of forum and to weigh carefully the relative advantages and disadvantages of jurisdiction and the ease of and obstacles to a fair trial in this state." *Cray v Gen Motors Corp*, 389 Mich 382, 396; 207 NW2d 393 (1973). Specifically, "[a]fter a party moves for dismissal on the basis of forum non conveniens, the court must consider two things: (1) whether the forum is inconvenient and (2) whether a more appropriate forum exists." *Lease Acceptance Corp v Adams*, 272 Mich App 209, 226; 724 NW2d 724 (2006). In making this determination, trial courts should consider the private interest of the litigants, matters of public interest, and the defendant's promptness in making the request. *Id.*; *Cray*, 389 Mich at 396.

In this case, the circuit court properly considered defendant's request for dismissal under the doctrine of forum non conveniens and concluded that a Texas jurisdiction would not be a more convenient forum. Contrary to defendant's argument, the circuit court did not summarily reject his request without elaboration. Rather, it explained as follows:

> [I]n terms of convenient forum I didn't hear anything about Texas, that anybody needs to testify from Texas and it sounds like the people, to the extent there might be witnesses, that they are here.

> *   *   *

> The fact that it's a small amount of money isn't worth traveling from Texas here to fight it makes it very difficult. On the other hand it would be unfair

---

[5] Specifically, defendant's negligent-infliction-of-emotional-distress counterclaim provides as follows:

> Plaintiff had a general obligation and duty to Defendant with respect to representation and conduct of the relationship. Plaintiff's failure to act in a reasonable manner has caused Defendant millions of millions of dollars, both past, present, and future in terms of emotional distress, physical damage, and permanently damaged relationships with his children, all of which would have been avoided had Plaintiff completed the job for which it was hired with the appropriate care and diligence required.

for the plaintiff to require them to go to Texas to collect a similarly modest amount of money and the witnesses and activity is all up here and the case is up here and the work was done up here and the attorneys were retained by defendant up here, so this is where it should be.

This analysis was sufficient. As is reflected in the circuit court's explanation, the contract between plaintiff and defendant was executed in Michigan, all legal representation performed by plaintiff on behalf of defendant was in Michigan, and all anticipated witnesses were in Michigan. In reality, the only reason defendant made this request was because he now lives in Texas. Thus, the circuit court properly considered and denied defendant's dismissal request under the doctrine of forum non conveniens.

Accordingly, because defendant's legal-malpractice, breach-of-contract, and negligent-infliction-of-emotional-distress claims are all barred by the applicable statute of limitations, we affirm the circuit court's order granting summary disposition to plaintiff on defendant's counterclaims. In light of this conclusion, i.e., that summary disposition in plaintiff's favor on defendant's counterclaims was proper because they are barred by the statute of limitations, we need not address defendant's arguments regarding the merits of those counterclaims.

Affirmed. Plaintiff, being the prevailing party, may tax costs pursuant to MCR 7.219.


/s/ Donald S. Owens
/s/ Stephen L. Borrello
/s/ Colleen A. O'Brien

-6-