*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

WINDEMERE PARK OF TROY OPERATIONS, LLC,

Plaintiff-Appellant,

v

MA ENGINEERING, INC. and
SALIM M. SESSINE,

Defendants-Appellees.

UNPUBLISHED
May 7, 2020

No. 346246; 346960
Oakland Circuit Court
LC No. 2017-162538-CB

Before: M. J. KELLY, P.J., and K. F. KELLY and SERVITTO, JJ.

PER CURIAM.

In Docket Number 346246, plaintiff, Windemere Park of Troy Operations LLC, appeals as of right the trial court's order granting summary disposition in favor of defendants, MA Engineering, Inc, (MAE), and Salim M. Sessine. In Docket Number 346960, plaintiff appeals as of right the trial court's order for sanctions.[1] We affirm.

## I. STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

Plaintiff is the owner and operator of Windemere Park of Troy, a senior assisted-living community. Construction for Windemere Park began in 2014. On January 20, 2014, MAE provided an engineering services proposal to Legacy Construction Group, LLC (Legacy), the general contractor for the Windmere Park project, and on April 23, 2014, the two companies entered an agreement for MAE to provide electrical and mechanical engineering designs for the project. Defendants were to provide plans for the project that "would lay out the electrical and mechanical schematics of the building, including HVAC ducts, the performance specification for

---

[1] This Court consolidated the appeals in *Windemere Park of Troy Operations LLC v MAE Engineering, Inc*, unpublished order of the Court of Appeals issued February 1, 2019 (Docket No.'s 346246 and 346960).

the fire alarm system, plumbing and building drainage systems, interior and exterior lighting systems, and main and branch electrical power distribution." According to plaintiff, these plans were "critical to the timely completion of the project" because the plans "ensure that each component of the overall system" is compatible with the other components. When the steel was placed into the frame of the building, however, according to plaintiff it "became apparent that the ducts designed" by defendant "did not leave enough ceiling height clearance for other lines to be run through that space . . . ." Plaintiff alleged that defendants' faulty designs necessitated a great deal of additional cost and work, and caused a five-month delay on the completion of the project. Thus, on December 12, 2017, plaintiff filed its complaint against defendants alleging breach of contract under a third-party beneficiary theory, professional malpractice, and negligent misrepresentation.

Defendants moved for summary disposition pursuant to MCR 2.116(C)(7), (8), and (10). Defendants asserted that plaintiff sought damages on theories completely sounding in professional malpractice, regardless of how plaintiff labeled the claims. Defendants claimed that the complaint against them must be dismissed because all of the asserted claims are time-barred by the 2-year malpractice statute of limitations, because defendants owed no duties to plaintiff, and because there is no genuine issue of fact that plaintiff is, at most, an incidental beneficiary of the general contractor-engineer agreement and defendants made no misrepresentations to plaintiff. The trial court found that all of the allegations in plaintiff's complaint "sound[ed] in malpractice no matter the label" attached by plaintiff, and that plaintiff's claims were governed by the two-year limitations period applicable to malpractice claims. The trial court further concluded that plaintiff's complaint established that plaintiff had discovered (or should have discovered) the existence of any claim before defendants' last day on the project in October 2015 and that plaintiff's complaint filed in December 2017 was therefore barred by the applicable two-year limitations period. The trial court thus granted defendants' motion for summary disposition pursuant to MCR 2.116(C)(7) and dismissed plaintiff's complaint. The trial court denied plaintiff's later motion for reconsideration.

Defendants thereafter filed a motion for sanctions against plaintiff and its attorney. Defendants argued that plaintiff's malpractice claims were frivolous because plaintiff's own allegations proved that the claims were time-barred in light of plaintiff discovering its claims as early as 2014. Additionally, defendants argued that plaintiff and its attorney should be sanctioned because the allegations were not well-grounded in fact and were devoid of arguable legal merit.

Plaintiff, naturally, disagreed with defendants' arguments and further argued that defendants' claim for attorney fees was unreasonable and excessive, and requested an evidentiary hearing concerning the requested fees. The trial court held an evidentiary hearing with respect to the reasonableness of the requested sanctions, after which it entered an order awarding defendants' sanctions in the amount of $16,118 in attorney fees and $1,301.66 in costs, for a total of $17,420.16. These appeals followed.

## II. SUMMARY DISPOSITION

On appeal, plaintiff first argues that the trial court abused its discretion when it characterized plaintiff's breach of contract and negligent misrepresentation claims as malpractice claims. We disagree.

-2-

" 'Decisions concerning the meaning and scope of pleadings fall within the sound discretion of the trial court.' " *Lockridge v Oakwood Hosp*, 285 Mich App 678, 692; 777 NW2d 511 (2009), quoting *Dacon v Transue*, 441 Mich 315, 328; 490 NW2d 369 (1992). A trial court abuses its discretion, when its decision falls outside the range of principled outcomes. *Id*.

In a pleading, a party is allowed to "state as many separate claims or defenses as the party has, regardless of consistency and whether they are based on legal or equitable grounds or on both." MCR 2.111(A)(2)(b). Courts must, however, look beyond the procedural labels in a complaint and determine the exact nature of a plaintiff's claims. *MacDonald v Barbarotto*, 161 Mich App 542, 547; 411 NW2d 747 (1987). A court is not bound by a party's choice of label for a cause of action "because to do so 'would exalt form over substance.' " *Norris v Lincoln Park Police Officers*, 292 Mich App 574, 582; 808 NW2d 578 (2011), quoting *Johnston v City of Livonia*, 177 Mich App 200, 208; 441 NW2d 41 (1989). A party cannot avoid dismissal of a cause of action through artful pleading; the gravamen of a plaintiff's actions is determined by evaluating the entire claim. *Maiden v Rozwood*, 461 Mich 109, 135; 597 NW2d 817 (1999). Thus, the limitations period applicable to a claim depends on the true nature of the claim. *Adams v Adams (On Reconsideration )*, 276 Mich App 704, 710; 742 NW2d 399 (2007). "In determining whether an action is of a type subject to a particular statute of limitations, we look at the basis of the plaintiff's allegations. The type of interest allegedly harmed is the focal point in determining which limitation period controls." *Aldred v O'Hara-Bruce*, 184 Mich App 488, 490; 458 NW2d 671 (1990).

Plaintiff's complaint finds its genesis in the contract between Legacy and defendants. Relevant to the instant matter, when a contract does not necessitate more than what is required by a professional relationship, the action sounds in malpractice, not contract, and the two-year limitations period for malpractice claims applies. *Brownell v Garber*, 199 Mich App 519, 525-526; 503 NW2d 81 (1993). In essence, if, as a whole, the claim indicates that the defendant failed to exercise the requisite skill, it is a malpractice claim. *Aldred*, 184 Mich App at 490; *Brownell*, 199 Mich App at 524. However, if the claim indicates that the professional failed to perform some sort of special agreement, then it is a contract claim. *Aldred*, 184 Mich App at 490; *Brownell*, 199 Mich App at 524. A claim of inadequate and defective engineering services, without an allegation of a breach of some special agreement, sounds in malpractice and is governed by the limitations period of a malpractice claim, even if the plaintiff couches its complaint in terms of a breach of contract. See *Aldred*, 184 Mich App at 490-491.

Here, the allegations in plaintiff's breach of contract claim indicate that defendants failed to exercise the requisite skill in creating and providing "adequate and sufficient designs" which resulted in project delays. Additionally, the common allegations that plaintiff incorporated into its breach of contract claim focused on defendants' allegedly defective designs and the effect they had on the project. Similarly, with respect to its negligent misrepresentation claim, plaintiff alleged that defendants owed it a duty to "provide accurate information and to exercise reasonable care or competence in communicating accurate information" regarding the designs that defendants contracted with Legacy to create. Further, plaintiff alleged that defendants "provided false information" about the designs, i.e., the designs were inadequate and defective. In its motion for reconsideration, plaintiff argued that defendants' design plans were the misrepresentation upon which it and others relied when planning the construction project. Plaintiff also incorporated the

common allegations, the breach of contract claim, and its professional malpractice claim into its negligent misrepresentation claim.

In all three of plaintiff's stated causes of action, plaintiff alleged that defendants failed to provide adequate and sufficient engineering designs for the construction project. All three claims indicate that the defendant failed to exercise the requisite skill to fulfill its contractual duties. They are thus, as a whole, a single malpractice claim. *Aldred*, 184 Mich App at 490.

Plaintiff next argues that even if its claims were malpractice claims, the trial court erred in granting summary disposition on the basis of the statute of limitations because defendants were obligated to perform under the contract until all permits were closed out and the certificate of occupancy was issued. We disagree.

This Court reviews de novo a trial court's ruling on a motion for summary disposition. *Galea v FCA US LLC*, 323 Mich App 360, 368; 917 NW2d 694 (2018). "Summary disposition may be granted under MCR 2.116(C)(7) when a claim is barred by the statute of limitations." *Dillard v Schlussel*, 308 Mich App 429, 442; 865 NW2d 648 (2014). A party may support a motion under MCR 2.116(C)(7) with admissible evidence such as affidavits, depositions, admissions, or other documentary evidence, but is not required to do so. *Maiden*, 461 Mich at 119. However, "[t]he contents of the complaint are accepted as true unless contradicted by documentation submitted by the movant." *Id.* (citation omitted). In the absence of disputed facts, whether a cause of action is barred by the applicable statute of limitations is a question of law. *Joliet v Pitoniak*, 475 Mich 30, 35; 715 NW2d 60 (2006).

The statutory limitation period applicable to malpractice claims is two years from the accrual date. MCL 600.5805(8). "A professional malpractice claim accrues when the professional stops serving the plaintiff in a professional capacity on the matter giving rise to the claim." *Nortley v Hurst*, 321 Mich App 566, 570; 908 NW2d 919 (2017), citing MCL 600.5838(1). "A plaintiff must bring a malpractice action within two years of accrual of the claim, MCL 600.5805(1) and [(8)], or within six months of when he or she discovered or should have discovered the claim, MCL 600.5838(2), whichever is later." *Nortley*, 321 Mich App at 570. The discovery rule generally applies when there is a verifiable basis for the plaintiff's inability to bring the claim within the statutory period. *Nelson v Ho*, 222 Mich App 74, 86; 564 NW2d 482 (1997).

In its complaint, plaintiff recognized that it was aware of the design defects as early as sometime between March 2014 and October 2014. Plaintiff alleged that the final design plans were provided in March 2015, and that these defective designs resulted in project delays. Plaintiff has offered no explanation why it did not recognize a connection between the allegedly defective designs and the delays to its project, and this Court can discern none. Given plaintiff's allegations that it knew defendants' allegedly defective designs were causing project delays between March 2014 and October 2014, plaintiff cannot rely on the six-month discovery rule. Thus, the two-year limitations period applicable to malpractice claims applies and plaintiff must have brought its claim within two years of the date that the claim accrued.

The uncontroverted evidence establishes that plaintiff's claim accrued on October 30, 2015. Defendants submitted evidence that the last day on which anyone associated with MAE provided labor, material, or any other professional service related to the project was October 30,

2015, "in relation to an emergency lighting calculation done as part of the approval process" for the certificate of occupancy. Although plaintiff contends that the claim would not have accrued until it became apparent that the Windemere project would not open for business by the scheduled completion date, plaintiff did not provide any evidence sufficient to create a genuine issue of material fact regarding when its claim accrued.

In its appeal brief, plaintiff refers to an affidavit detailing plaintiff's "understanding about the terminal date of the relationship between" plaintiff and defendants for supporting its belief "that [defendants were] contractually obligated to answer questions associated with [their] plans . . . until the certificate of occupancy was received." Although plaintiff does not cite to any affidavit with specificity, plaintiff could be referring to the affidavit of Lorenzo Cavaliere, manager of Windemere Park of Troy Operations, LLC, which was attached to its motion for reconsideration. In the affidavit, Cavaliere stated that although he could not "locate documentation of specific services performed after October 30, 2015," the contract with MAE "required that they remain available to respond to questions from trade subcontractors and the municipality authority." Notably, however, the trial court cannot be held to have erred in its summary disposition ruling on the basis of Cavaliere's affidavit when that affidavit was not provided until plaintiff's motion for reconsideration. Further, Cavaliere conceded that he could not find documentation showing that defendants rendered services after October 30, 2015. Plaintiff, therefore, failed to rebut the evidence that defendants stopped serving plaintiff in a professional capacity on October 30, 2015.

Because plaintiff failed to rebut defendants' evidence that their last day of service was October 30, 2015, that is the day on which plaintiff's claim accrued, and plaintiff was thus required to file its complaint on or before October 30, 2017. Plaintiff did not file its complaint until December 12, 2017. As a result, the trial court did not err in dismissing plaintiff's malpractice claim as time barred under MCR 2.116(C)(7).

III. RECONSIDERATION

Plaintiff next argues that the trial court abused its discretion when it denied plaintiff's motion for reconsideration. However, plaintiff failed to include this argument in its statement of questions presented. "An issue not contained in the statement of questions presented is waived on appeal." *English v Blue Cross Blue Shield of Mich*, 263 Mich App 449, 459; 688 NW2d 523 (2004). Although plaintiff waived its argument concerning reconsideration, we will nonetheless briefly address this issue.

Plaintiff, in its motion for reconsideration, cited *Vanerian v Charles L Pugh Co, Inc*, 279 Mich App 431; 761 NW2d 108 (2008) for the first time. Plaintiff argued that *Vanerian* contravened the holding of the case cited by defendants in their motion for summary disposition and relied upon by the trial court when it rejected plaintiff's breach-of-contract claim, *Kisiel v Holz*, 272 Mich App 168, 171; 725 NW2d 67 (2006). But, there is no articulable reason that plaintiff failed to address defendants' reliance on *Kisiel* in response to their motion for summary disposition. A trial court cannot abuse its discretion by denying a motion for reconsideration "resting on a legal theory and facts which could have been pled or argued prior to the trial court's original order." *Woods v SLB Prop Mgmt, LLC*, 277 Mich App 622, 630; 750 NW2d 228 (2008). Because plaintiff could have presented its legal theory regarding *Vanerian* before the trial court's

original order related to defendants' motion for summary disposition, the trial court did not abuse its discretion in denying plaintiff's motion for reconsideration.

## IV. SANCTIONS

Plaintiff lastly argues that the trial court erred in imposing sanctions. We disagree.

A trial court's decision to impose sanctions under MCR 1.109[2] is reviewed for clear error. *Kelsey v Lint*, 322 Mich App 364, 379; 912 NW2d 862 (2017). "A decision is clearly erroneous when, although there may be evidence to support it, we are left with a definite and firm conviction that a mistake has been made." *Id*. (quotation marks and citation omitted).

MCR 1.109(E) provides, in relevant part:

(5) Effect of Signature. The signature of a person filing a document, whether or not represented by an attorney, constitutes a certification by the signer that:

(a) her or she has read the document;

(b) to the best of his or her knowledge, information, and belief formed after reasonable inquiry, the document is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law; and

(c) the document is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

(6) Sanctions for Violation. If a document is signed in violation of this rule, the court, on the motion of a party or on its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including reasonable attorney fees. The court may not assess punitive damages.

(7) Sanctions for Frivolous Claims and Defenses. In addition to sanctions under this rule, a party pleading a frivolous claim or defense is subject to costs as provided in MCR 2.625(A)(2). The court may not assess punitive damages. [MCR 1.109(E)(5) to (7).]

Thus, an attorney has an affirmative duty to conduct a reasonable inquiry into both the factual and legal basis of a document before it is signed. *Kelsey*, 322 Mich App at 379. "The reasonableness

---

[2] The trial court imposed sanctions under MCR 2.114, which was repealed, effective September 1, 2018. The language previously found in MCR 2.114(D)-(F) was retained identically in MCR 1.109(E)(5)-(7). Therefore, our analysis proceeds under MCR 1.109.

of the attorney's inquiry is determined by an objective standard, not the attorney's subjective good faith." *Meisner Law Group PC v Weston Downs Condo Ass'n*, 321 Mich App 702, 731; 909 NW2d 890 (2017).

MCR 2.625(A)(2) provides: "In an action filed on or after October 1, 1986, if the court finds on motion of a party that an action or defense was frivolous, costs shall be awarded as provided by MCL 600.2591." MCL 600.2591, in turn, provides:

> (1) Upon motion of any party, if a court finds that a civil action or defense to a civil action was frivolous, the court that conducts the civil action shall award to the prevailing party the costs and fees incurred by that party in connection with the civil action by assessing the costs and fees against the nonprevailing party and their attorney.

> (2) The amount of costs and fees awarded under this section shall include all reasonable costs actually incurred by the prevailing party and any costs allowed by law or by court rule, including court costs and reasonable attorney fees.

> (3) As used in this section:

> (a) "Frivolous" means that at least 1 of the following conditions is met:

> (*i*) The party's primary purpose in initiating the action or asserting the defense was to harass, embarrass, or injury the prevailing party.

> (*ii*) The party had no reasonable basis to believe that the facts underlying that party's legal position were in fact true.

> (*iii*) The party's legal position was devoid of arguable legal merit.

> (b) "Prevailing party" means a party who wins on the entire record. [MCL 600.2591(1) to (3).]

MCR 1.109(E)(6), MCR 2.625(A)(2), and MCL 600.2591(1), "not only authorize but require a court to sanction an attorney or party that files a frivolous action or defense." *Meisner Law Group PC*, 321 Mich App at 731. "To determine whether sanctions are appropriate under MCL 600.2591, it is necessary to evaluate the claims or defenses at issue at the time they were made, and [t]he factual determination by the trial court depends on the particular facts and circumstances of the claim involved." *DC Mex Holdings, LLC v Affordable Land, LLC*, 320 Mich App 528, 548; 907 NW2d 611 (2017) (quotation marks and citation omitted; alteration in original).

"The purpose of imposing sanctions for asserting frivolous claims 'is to deter parties and attorneys from filing documents or asserting claims and defenses that have not been sufficiently investigated and researched or that are intended to serve an improper purpose.' " *BJ's & Sons Constr Co, Inc v Van Sickle*, 266 Mich App 400, 405; 700 NW2d 432 (2005), quoting *FMB-First Mich Bank v Bailey*, 232 Mich App 711, 723; 591 NW2d 676 (1998). " 'The determination whether a claim or defense is frivolous must be based on the circumstances at the time it was asserted.' " *Robert A Hansen Family Trust v FGH Indus, LLC*, 279 Mich App 468, 486; 760

-7-

NW2d 526 (2008), quoting *Jerico Constr, Inc v Quadrants, Inc*, 257 Mich App 22, 36; 666 NW2d 310 (2003). "Not every error in legal analysis constitutes a frivolous position." *Kitchen v Kitchen*, 465 Mich 654, 663; 641 NW2d 245 (2002). "A claim is devoid of arguable legal merit if it is not sufficiently grounded in law or fact[.]" *Ford Motor Co v Dep't of Treasury*, 313 Mich App 572, 589; 884 NW2d 587 (2015) (quotation marks and citation omitted; alteration in original).

In ruling that plaintiff's action was frivolous and imposing sanctions against plaintiff, the trial court did not specify under which subparagraph of MCL 600.2591(3)(a) it relied upon. However, the trial court implicitly and explicitly concluded that plaintiff acted with an improper purpose under MCL 600.2591(3)(a)(*i*). That is, as the trial court found, plaintiff "filed its disguised malpractice claims under different labels in order to get around the [two-year] statute of limitations" applicable to malpractice claims. This finding is supported by the record. Due to the specific allegations in plaintiff's complaint and plaintiff's early knowledge of any deficiencies on defendants' part, the trial court did not clearly err in finding plaintiff's action frivolous and in imposing sanctions.[3]

Affirmed.


/s/ Michael J. Kelly
/s/ Kirsten Frank Kelly
/s/ Deborah A. Servitto

---

[3] Plaintiff does not challenge the amount of sanctions imposed.